UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Case No. 1:15:cv-03610
              Plaintiff, :
:
    vs. :
:
DOMINGO RODRIGUEZ, :
:
             Defendant. :
:
---------------------------------------------------------------X

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), files this Reply in support of its Motion to Dismiss Defendant Domingo Rodriguez's ("Defendant") Counterclaim.

**I.    INTRODUCTION**

Plaintiff filed this copyright infringement complaint against Defendant after it recorded Defendant's Internet illegally download and redistribute 127 of its copyrighted films using the BitTorrent peer-to-peer file-sharing protocol. Prior to commencing this litigation, Plaintiff verified that the responsible infringer was likely Defendant, rather than an interloper or passerby, by establishing that the responsible infringer was someone with regular and uninterrupted access to Defendant's Internet. Indeed, Plaintiff's pre-suit evidence shows that Defendant's Internet has been used to pervasively violate copyright law by downloading and redistributing hundreds of other copyrighted movies, TV shows, and other works via BitTorrent from December 9, 2014 until June 4, 2015, at which point all downloading stopped. Notably, the cessation in the copyright infringement emanating from Defendant's Internet coincides with when Comcast

1

would have advised Defendant about this lawsuit. Having thus established a good faith belief that Defendant is responsible for using his Internet to infringe Plaintiff's copyrights, Plaintiff filed this action to protect its business and intellectual property.

In response, Defendant has filed a Counterclaim that (1) misapprehends the law; (2) grossly misconstrues how the BitTorrent protocol works thereby asserting impossible and implausible factual allegations; and (3) fails to state claims upon which relief can be granted. Accordingly, Plaintiff moved to dismiss Defendant's Counterclaim. Defendant opposes Plaintiff's requested relief, and insists that his Counterclaim withstands a motion to dismiss because he is being sued "for tens of thousands of dollars" and now feels "enormous pressure to settle the case and end the nightmare." In this regard, and since Defendant all but confirms his Counterclaim is being filed as retaliation for and in response to Plaintiff's Complaint, Defendant's entire Counterclaim is barred by Illinois's far-reaching litigation privilege. Further, to the extent Defendant purports to insist that he did not use BitTorrent to steal Plaintiff's copyrighted works, Defendant effectively concedes that he lacks standing to bring his Counterclaim. For these additional reasons, as well as those previously asserted, Defendant's Counterclaim should be dismissed.

## II. ARGUMENT

### A. Count I of Defendant's Counterclaim should Be Dismissed

Count I of Defendant's Counterclaim asserts a cause of action for declaratory relief by asking the Court to deny Plaintiff's claim for direct copyright infringement and declare that Defendant is not liable to Plaintiff for same. *See* CM/ECF 23 at p. 11–12. Plaintiff moved to dismiss this count, explaining that it is entirely duplicative of Plaintiff's direct copyright infringement claim. *See* CM/ECF 28 at p. 18–20 (citing case law). Since Defendant's

declaratory judgment counterclaim is duplicative of the issues that will be litigated through Plaintiff's direct infringement claim, Plaintiff argued, it serves no useful purpose and is improper and disallowed by the Declaratory Judgment Act. *See id.* Defendant's Response in Opposition to Plaintiff's Motion to Dismiss does not address this issue at all or discuss Plaintiff's arguments. There is no dispute, then, that dismissal of Count I of Defendant's Counterclaim is proper and warranted.

### B. Count II of Defendant's Counterclaim should Be Dismissed

Count II of Defendant's Counterclaim asserts a cause of action for "violations of the uniform deceptive trade practices act, all under section 2 of the consumer fraud and deceptive business practices act." CM/ECF 23 at p. 12–18. Plaintiff moved to dismiss this count, on numerous bases. *See* CM/ECF 28 at p. 6–18. First, Plaintiff argued that Defendant's claim was preempted by the Copyright Act, as made clear by the two-part test established in *Defined Space, Inc. v. Lakeshore East, LLC*, 797 F. Supp.2d 896, 902 (N.D. Ill. 2011). *See id.* at p. 17–18. Defendant's opposition attempts to draw factual and irrelevant distinctions between the case at bar and the cases cited in Plaintiff's Motion to Dismiss. *See* CM/ECF 31 at p. 13–14. Defendant fails to offer any relevant legal analysis regarding the preemption inquiry, and does nothing to rebut the obvious fact that count two of his Counterclaim, which argues that Plaintiff has violated Illinois law by enforcing its copyrights over the Internet, encompasses the subject matter of copyright and concerns rights that are specified in the Copyright Act. Thus, Seventh Circuit precedent makes clear that count II of Defendant's counterclaim is preempted.

Beyond preemption, Plaintiff also argued that count II of Defendant's counterclaim was inapplicable since the unfair practice of which Defendant complains did not occur primarily or substantially occur in Illinois and because it does not amount to an unfair practice to observe an

individual's *public* file-sharing over the Internet. *Id.* at p. 6–18 (citing case law). Also, Plaintiff argued that count II of Defendant's Counterclaim was insufficiently alleged insofar as Defendant's allegations failed to set forth the elements needed to establish his claim with the particularity required by case law. *Id.* at p. 6–18 (citing case law). Defendant's efforts to overcome these deficiencies are futile not only because the requisite particularity is still lacking, but also because Defendant lacks standing to assert count II of his Counterclaim. To explain, throughout his opposition, Defendant maintains his innocence and insists that "he is totally innocent" of using BitTorrent to download Plaintiff's copyrighted works. *See generally* CM/ECF 31. He argues that he has no "connection with any of the 127 movies Malibu Media puts at issue," and that for purposes of his Counterclaim, this must be assumed as true. But if Defendant has "no connection" with the downloading, then he admits there has not actually been any "cyber-spying" of his Internet, and Defendant's claim is incoherent. Taking Defendant's allegations as true, it is clear he lacks standing to bring count II of his Counterclaim because standing requires proximate causation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). At best, the proximate cause of Defendant's exposure to Plaintiff for infringement would be Defendant's decision to allow someone else to continuously use his Internet to violate copyright law, not Plaintiff's monitoring of that publicly-viewable misconduct.

Perhaps more significant, Defendant's opposition all but confirms that count II of his Counterclaim runs afoul of Illinois's absolute litigation privilege. Defendant's opposition explains that "the counterclaim is part of the litigation which Malibu Media commenced here." CM/ECF 31 at p. 10. In other words, Defendant's opposition establishes that count II of his Counterclaim purports to hold Plaintiff liable in tort for filing this lawsuit against him and monitoring his Internet in anticipation of litigation. Binding precedent confirms that Defendant's

theory is untenable and that his claim must be dismissed. "Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Am., Ltd. v. Hollowbow*, 702 F.2d 643, 647 (7th Cir. 1983). Count II of Defendant's Counterclaim is barred by the absolute litigation privilege. *Accord, e.g.*, *Whittler v. Midland Funding, LLC*, No. 14-c-9423, 2015 WL 3407324, at *3 (N.D. Ill. May 27, 2015) (dismissing identical cause of action under similar circumstances); *PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, No. 04-c-7232, 2005 WL 2347209, at *5–6 (N.D. Ill. Sept. 21, 2005) (same): *see also Slep-Tone Entm't Corp. v. Teddy O'Brians, Inc.*, NO. 14-C-3570, 2014 WL 4783048, at *3 (N.D. Ill. Sept. 24, 2014) ("As a matter of Illinois law, however, the filing of a wrongful lawsuit cannot be the basis of a fraud claim.").

### C. Count III of Defendant's Counterclaim should Be Dismissed

Count III of Defendant's Counterclaim asks the Court to enter judgment on his behalf on the basis that Plaintiff failed to mitigate its damages. *See* CM/ECF 23 at p. 19–20. Plaintiff has moved to dismiss this claim under Rule 12(b)(6) because, plainly, there is no cause of action for failure to mitigate. *See* CM/ECF 28 at p. 5–6. Plaintiff further argued that the Court should not simply construe this counterclaim as an affirmative defense because Plaintiff's selection of statutory damages obviates the applicability of a failure to mitigate damages defense. *See id.* Defendant does not address—and therefore concedes—that Count III of his counterclaim is not viable as a counterclaim or as an affirmative defense. Nevertheless, and without citation to authority, he baselessly "requests that this affirmative defense not be stricken." CM/ECF 31 at p. 15. Of course, since well settled-precedent makes clear that Defendant's failure to mitigate affirmative defense is not viable, there is no reason—and Defendant offers none—to maintain it. Count III of Defendant's counterclaim should be dismissed, and, to the extent treated as an

affirmative defense, stricken.

### III. CONCLUSION

For the foregoing reasons, this Court should dismiss Defendant's Counterclaim.

Respectfully submitted,

MEDIA LITIGATION FIRM, P.C.

By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: medialitigationfirm@gmail.com
*Attorneys for Plaintiff*

EXHIBIT A